**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MEKALA FRANGOS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-00616-CB |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| ROCK RIDGE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motion for Summary Judgment (Doc. 34) will be granted. The parties are familiar with the facts and the law, and the Court will limit its discussions accordingly.

The threshold issue is whether EDS's reclamation of the HVAC equipment constituted "theft," as contemplated in the policy exclusion. The parties agree that, under Pennsylvania law, the word is unambiguous, and it is the "unlawfully tak[ing], or exercis[ing] unlawful control over, movable property of another [person] with intent to deprive" the person "thereof." Pl.'s Opp'n Br. (Doc 37) at ECF-header pg. 7 of 14 (citing and quoting Persichini v. Nationwide Gen. Ins. Co., 705 F. Supp. 3d 473, 478-79 (W.D. Pa. 2023), in turn, citing and quoting the Pennsylvania Crimes Code); *see also* Def.'s Br. (Doc. 34) (also citing Persichini).

Here, Plaintiff repeatedly and emphatically insisted that the equipment was her company's property. In her "Examination Under Oath," transcribed by a court reporter, Plaintiff testified under penalty of perjury:

- that "a felony was committed," Tr., pg. 14;

- "The materials were on site. They were installed. That's what he[, EDS principal Eric Showers,] stole," *id.* at 20-21;

- Showers "brought one of [his other] guys when they robbed me," *id.* at 25;

- "the robbery occurred in April," *id.*;

- Plaintiff asked Showers if he knew what a UCC filing was, and explained:

  "Once a contractor enters the site and installs fixtures, it [sic] becomes the property of ownership. It's then governed with the loan documents. 'So you've installed, partially installed, — I explained to him, you can contact your lawyer and make a claim for compensatory damages," *id.* at 34-35;

- the next time Plaintiff spoke with Showers was "[w]hen [she] saw him robbing the building the next morning," *id.* at 38-39;

- Showers told her, "I'll just steal the equipment. I told him you cannot do that and here's the reasons. I gave him legal, lawful options and he chose to be unlawful," *id.* at 39;

- Plaintiff reiterated she had told him "to not come to the property and steal the equipment," she explained "what a UCC filing is and anything attached to the building is considered owned by the building," *id.* at 41;

- Showers removed a majority of the equipment, until "the point of the robbery that [she] caught him," *id.* at 42;

- Plaintiff "was in total and utter shock that he could have defiantly chose to rob the building versus using the legal system," *id.* at 43;

- with the police, Plaintiff identified Showers, and an "additional assailant, who assisted in the theft," *id.* at 50;

- Plaintiff testified that she had "ten photographs of him committing the crime," she had "taken this [matter] to the county," and did not "care what the [local police] bureau said, it's not stopping [her]. I can't in good conscience, allow this to happen," *id.* at 51;

- Plaintiff had no more communication with Showers "[s]ince he robbed the building," *id.* at 53; and

- when insurer's counsel began asking about another matter, Plaintiff responded, "I came today to talk about the theft. Are we done with this?" *Id.* at 70.

Doc. 36 at ECF-header pgs. 93 through 111 of 323.

To this point, neither Plaintiff nor Defendant knew that the theft exclusion existed. Counsel's denial that Plaintiff asserted a "theft claim," however, is unfounded. *Compare* Doc. 38 at ¶ 33 (Plaintiff's response to Defendant's Statements of Fact: "It is admitted that Plaintiff made a claim under the policy, but its characterization of such claim being labeled as 'theft' is denied.") *with* Doc. 36 at ECF-header pg. 110 of 323 (Plaintiff's testimony, spontaneously characterizing the claim as a "theft claim").

This lawsuit finds Plaintiff attempting to change the claim from one definitionally excluded, to one that sidesteps the exclusion. Doing so requires a significant degree of intellectual dishonesty. Whether viewed through the prism of admissions against interest, estoppel or the disregard of sham evidence, Plaintiff cannot sidestep her prior, sworn testimony. The question is not whether Plaintiff was correct in her assertions regarding the company's ownership of the equipment. Rather, it is Defendant's entitlement to rely on Plaintiff's sworn statements regarding the circumstances surrounding her claim.

Plaintiff argues that there factual disputes regarding whether EDS took the property "with the intent to deprive [Plaintiff's company] thereof." Doc. 37 at 7-8. According to Plaintiff, however, Showers's intentions were no mystery: "'I'm just a small business. I need my equipment back.' He chose — that morning he chose unlawful actions. He chose to commit that crime." Tr. at 41 (Doc. 36 at ECF-header pg. 103 of 323).

At bottom, Defendant's biggest mistake was investigating a "theft claim" on a policy with a theft exclusion. It went so far as to send an adjustor. Doc. 34 at 6. That neither side carefully reviewed the policy sooner is unfortunate. But Plaintiff has neither alleged nor shown detrimental reliance. The resulting prejudice, denial of coverage, is neither undue nor unjust.

Defendant is entitled to summary judgment, and the Court hereby enters the following:

## II. ORDER

Defendant's Motion for Summary Judgment (**Doc. 34**) is **GRANTED**, and this case will be marked closed.

IT IS SO ORDERED.

September 28, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record